**Electronically Filed
Supreme Court
SCPW-22-0000326
08-JUN-2022
08:24 AM
Dkt. 7 ODDP**

SCPW-22-0000326

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

DEXTER SMITH, Petitioner

vs.

THE HONORABLE CHRISTINE E. KURIYAMA,
Judge of the Circuit Court of the First Circuit,
State of Hawai'i, Respondent Judge.

---

ORIGINAL PROCEEDING
(CASE NO. 1PR161000009)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon consideration of petitioner Dexter Smith's petition for writ of mandamus, filed on May 12, 2022, the documents attached and submitted in support, and the record, petitioner fails to demonstrate a clear and indisputable right to the requested relief and that he lacks alternative means to seek relief. Nor has petitioner shown that Judge Kuriyama exceeded her jurisdiction, committed a flagrant and manifest abuse of discretion, or refused to act on a subject properly before the court under circumstances in which it has a legal duty to act. Judge Kuriyama filed an order denying petitioner's motion on May 25, 2022, and Judge Kuriyama was not required to recuse herself from considering the motion. See Aga v. Hundahl, 78 Hawai'i 230, 242, 891 P.2d 1022, 1034 (1995) ("[W]e have long adhered to the

general rule that, standing alone, 'mere erroneous or adverse rulings by the trial judge do not spell bias or prejudice[.]'" (Quoting <u>Peters v. Jamieson</u>, 48 Haw. 247, 264, 397 P.2d 575, 586 (1964)).  An extraordinary writ is thus not warranted.  <u>See</u> <u>Kema v. Gaddis</u>, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (explaining that a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; such a writ is meant to restrain a judge who has exceeded the judge's jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which the judge has a legal duty to act).  Accordingly,

It is ordered that the petition for writ of mandamus is denied.

It is further ordered that the clerk of the appellate court shall process the petition for writ of mandamus without payment of the filing fee.

DATED: Honolulu, Hawaiʻi, June 8, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins



2